UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24- cv-02615-SVW | Date | February 13, 2025 |
| Title | *Antonio Sandoval v. Mamco, Inc. et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]

## I. Introduction

Before the Court is Plaintiff Antonio Sandoval's motion to remand. ECF No. 12. For the following reasons, Plaintiff's motion is DENIED.

## II. Background

Plaintiff worked as a truck driver for Defendant Mamco, Inc. ("Defendant") between May 2015 and October 2023. Compl. ¶ 18, ECF No. 2. Plaintiff is a member of the Southern California District Counsel of Laborers ("Union"). Def. Notice of Removal ¶ 6, ECF No. 2. As a union member, Plaintiff's employment is governed by a collective bargaining agreement ("CBA") between Defendant and the Union. This CBA, in turn, is governed by the Southern California Master Labor Agreement ("MLA"), as the CBA incorporates the MLA in full except as specifically provided in the CBA.[1] *Id.*

---

[1] Defendant does not attach a copy of the CBA, only the MLA. *See* Exs. A and B to Def. Opp. to Plaintiff's Mot. to Remand. Plaintiff, however, does not contend that any relevant provision of the MLA is contradicted by the CBA. The Court will thus assume that none of the provisions of the MLA discussed in this order are contradicted by the CBA.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:24- cv-02615-SVW | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Antonio Sandoval v. Mamco, Inc. et al.* | | |

On November 1, 2024, Plaintiff brought wage and hour claims against Defendant on behalf of himself and those similarly situated in Los Angeles Superior Court. *See* ECF No. 2. Plaintiff alleged that Defendant engaged in an "ongoing and systemic scheme against their hourly-paid non-exempt employees." Compl. ¶ 22. This alleged scheme included, among other things, failure to compensate off-the-clock work, failure to provide meal and rest periods, unlawful time rounding practices, and failure to pay overtime wages. *Id.*

More specifically, Plaintiff brought nine state law causes of action: (1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) violation of California Labor Code § 226.7 (unpaid rest period premiums); (4) violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (5) violation of California Labor Code §§ 201, 202, and 203 (final wages not timely paid); (6) violation of California Labor Code §§ 204 and 210 (wages not timely paid during employment); (7) violation of California Labor Code § 226(a) (failure to provide accurate wage statements); (8) violation of California Labor Code §§ 2800 and 2802 (failure to reimburse expenses); and (9) violation of California Business and Professions Code § 17200. *See generally* Complaint, ECF No. 2.

Defendant removed the case to this Court on December 9, 2024 based on federal question jurisdiction through Section 301 the Labor Management Relations Act ("LMRA"). ECF No. 2. On January 8, 2025, Plaintiff moved to remand. ECF No. 12.

### III. Legal Standard

"Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). As such, a federal court can only exercise jurisdiction over actions where a federal question exists, or where there is (1) complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:24- cv-02615-SVW | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Antonio Sandoval v. Mamco, Inc. et al.* | | |

Pursuant to 28 U.S.C. § 1441(a), "a defendant may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2021). The Ninth Circuit strictly construes the removal statute against removal, and jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1997). Accordingly, there is a strong presumption against removal jurisdiction that results in the defendant shouldering the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). The burden includes "actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## IV. Discussion

### A. Section 301 of the Labor Management Relations Act

Plaintiff's nine causes of actions are all state law causes of action. Normally, in the absence of diversity jurisdiction, this means that federal courts do not have subject matter jurisdiction over such state law claims. *See City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (explaining the "general rule" that, in the absence of diversity, "a federal question [must] appear[] on the face of the complaint" to invoke the court's jurisdiction). But there is an exception to this general rule which "allows removal when federal law completely preempts a plaintiff's state law claim." *Id.* at 905. A federal law completely preempts a state law claim when "the pre-emptive force of the [federal statute] [is] so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." *Id.* (quotations omitted).

While very few federal statutes meet these stringent criteria, one of them is the statute at issue here, Section 301 of the Labor Management Relations Act ("LMRA"). *Id.* at 905-906. Indeed, "[b]y enacting the LMRA, Congress completely preempted state law for certain labor-related claims." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) "In these areas, 'the preemptive force

:

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:24- cv-02615-SVW | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Antonio Sandoval v. Mamco, Inc. et al.* | | |

of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, not withstanding the fact that state law would provide a cause of action in the absence of § 301." *Id.* (quotations omitted). "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019).

"Critically, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted under § 301." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). "[T]he Supreme Court has stressed that § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis*, 913 F.3d at 1152. "For this reason, setting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states, and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Id.* (quotations omitted).

In the Ninth Circuit, to determine whether an employment dispute is preempted by Section 301, courts apply a two-step inquiry. First, if the "asserted cause of action involves a 'right [that] exists solely as a result of the CBA," then "the claim is preempted, and [the] analysis ends there." *Id.*

Second, even if the right exists independently of the CBA, if "plaintiff's state law right is substantially dependent on analysis" of the CBA, then the claim is also preempted. *Id.* at 1153. "[If] not, then the claim can proceed under state law." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059-60.

Under the second prong, "claims are only preempted to the extent that there is an active dispute over 'the meaning of contract terms'" in the CBA. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (quotations omitted). "A *hypothetical* connection between the claim and the terms of the CBA is not enough to preempt the claim. Nor is it enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language." *Id.* at 921-22 (emphasis in original). For

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:24- cv-02615-SVW | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Antonio Sandoval v. Mamco, Inc. et al.* | | |

example, looking to a CBA "to discern that none of its terms are reasonably in dispute; to identify bargained-for wage rates in computing a penalty; or to determine whether the CBA contains a clear and unmistakable waiver of state law rights" is not enough to warrant preemption." *Id.* In other words, the "need for a purely factual inquiry . . . that does not turn on the meaning of any provision of a collective-bargaining agreement, . . . is not cause for preemption under Section 301." *Burnside*, 491 F.3d 1053, 1059 (9th Cir. 2007).

The Court will apply this two-step inquiry to Plaintiff's claims. If one of Plaintiff's state law claims satisfies either prong of the two-step test, then it is completely preempted and within this Court's jurisdiction.

**B. Plaintiff's Claims**

i. **Unpaid Overtime**

Plaintiff's first state law cause of action is a claim for unpaid overtime wages under Cal. Lab. Code §§ 510 and 1198. Section 510 of the California Labor Code provides that employers must compensate hours in excess of a 40-hour workweek or an 8-hour workday at a one-and-one-half rate of pay. Cal. Lab. Code § 510.

Section 510, however, "does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d at 1153-54. A qualifying CBA is one that meets the requirements set out in Cal. Lab. Code § 514, which provides that:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:24- cv-02615-SVW | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Antonio Sandoval v. Mamco, Inc. et al.* | | |

overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514.

If a plaintiff is subject to a qualifying CBA (as defined by Section 514), then the plaintiff's "right to overtime exists solely as a result of the CBA," and "therefore is preempted under § 301." *Curtis*, F.3d at 1155 (holding that the plaintiff's overtime claim was completely preempted under Section 301 when the CBA in question satisfied the requirements of Section 514).

Here, Plaintiff's employment is subject to the terms of the Master Labor Agreement ("MLA"). Upon analysis of the MLA's terms, the Court finds that the MLA is a "qualifying CBA" under Section 514 and *Curtis*. Indeed, Section XIX provides the applicable wages, Section XVIII provides hours of work, Sections XVI and XVII lay out working conditions, and Section XIX provides overtime rates. *See* MLA, ECF No. 18, Ex. A. Finally, the wages listed in Section XIX are at least 30 percent more than the state minimum wage. *Compare* MLA § XIX Part K *with* Department of Industrial Relations, *Minimum Wage*, https://www.dir.ca.gov/dlse/minimum_wage.htm.

Because the MLA is "qualifying CBA" under Section 514, Section 510 of the Cal. Labor Code does not apply to Plaintiff. *See Curtis*, F.3d at 1155. Plaintiff's "right to overtime [thus] exists solely as a result of the" MLA, and "therefore [Plaintiff's overtime claim] is preempted under § 301."[2] *See id*. And because the overtime claim is subject to complete preemption under Section 301, it falls within this Court's federal jurisdiction. *See id.*

---

[2] The Court notes that Plaintiff also brings overtime claims under Cal. Lab. Code § 1198. This does not change the Court's analysis, as "a CBA that fulfills the requirements of § 514 also preempts over time claims based on §§ 510, 1194, and 1198." *Castaneda v. Ardagh Glass Inc.*, No. 23-cv-03547-HSG, 2024 WL 589088, at *4 (N.D. Cal. Feb. 13, 2024).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:24- cv-02615-SVW | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Antonio Sandoval v. Mamco, Inc. et al.* | | |

### ii. Meal Period Claims

Plaintiff's second state law cause of actions is failure to pay meal period premiums in violation of Cal Labor Code Sections 512(a) and 226.7. Section 512(a) requires that employers provide certain meal periods. And Section 226.7 provides that employers must pay employees certain premiums if the employer fails to provide the employee a meal period in accordance with state law.

Both statutes contain carve outs for employees covered by qualifying CBAs. Section 512(e)-(f) provides that Section 512 does not apply to "commercial driver[s]" who are "covered by a valid collective bargaining agreement." A "valid collective bargaining agreement" is defined as one that:

> Expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Cal. Lab. Code § 512(e)(2). Relatedly, where an employee is exempt under Section 512, they are likewise exempt under Section 226.7, as that section does not apply to "an employee who is exempt from meal . . . period requirements pursuant to other state laws." Cal. Lab. Code § 226.7(e).

Here, the MLA guiding Plaintiff's employment qualifies as a "valid collective bargaining agreement" under Section 512. As explained above, the MLA expressly provides for wages, hours, of work, working conditions, meal periods, over time rates, and provides a regularly hourly rate that is at least 30 percent more than the state minimum wage. The one additional requirement of Section 512—that the CBA provide final and binding arbitration of disputes concerning application of its meal period provisions—is also satisfied by the MLA. Appendix C to the MLA provides that any "complaint or grievance alleging a violation of the Master Labor Agreement," including "all employee claims or disputes

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:24- cv-02615-SVW | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Antonio Sandoval v. Mamco, Inc. et al.* | | |

concerning violations of . . . federal, state and local laws concerning . . . meal . . . periods" are subject to arbitration. MLA Appendix C Part A, ECF No. 18.

Accordingly, because Plaintiff is exempted from the requirements of Sections 512 and 226.7, his meal period claim "exists solely as a result of the [MLA]" and is thus preempted under Section 301. *See Curtis*, F.3d at 1155; *see also Giles v. Canus Corp.*, No. 22-cv-03097-MMC, 2022 WL 3370793, at *5 (N.D. Cal. Aug. 16, 2022) (holding that the plaintiff's meal period claims were preempted under Section 301 based on *Curtis* and the exemptions in Sections 512 and 226.7).

### iii.  Plaintiff's Remaining Claims

Plaintiff's remaining claims are either derivative of Plaintiff's overtime claim (over which the Court has original jurisdiction) or warrant the Court's exercise of supplemental jurisdiction. First, when the Court has original jurisdiction over one state law claim due to complete preemption, other state law claims are likewise preempted "to the extent they are derivative of" the original jurisdiction claim. *Vasquez v. Packaging Corp. of AM.*, Case No. 19-cv-1935-PSG, 2019 WL 453106, at *4 (C.D. Cal. June 7, 2019).

Here, Plaintiff's minimum wage, wage statement, and Section 17200 claims are derivative of his overtime claim, as they all stem from the same central allegation that Defendant failed to compensate Plaintiff for "off-the-clock" work. *See* Compl. ¶¶ 22-44. Since the Court has original jurisdiction over the overtime claim, the Court has jurisdiction over these derivative claims as well. *See Giles*, 2022 WL 3370793, at *5 (holding that state law claims that were "derivative" of the plaintiff's overtime claim were likewise preempted).

Regarding Plaintiff's remaining claims (i.e., his rest period, timely wages, and reimbursement claims), to the extent they are not derivative of the preempted claims, said claims and the preempted claims derive from a common nucleus of operative fact. The Court will therefore exercise supplemental jurisdiction over the non-preempted state law claims. *See Trs. Of Contr. Indus. & Laborers Health & Welfare Tr. V. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (holding that

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:24- cv-02615-SVW | Date | February 13, 2025 |
|---|---|---|---|
| Title | *Antonio Sandoval v. Mamco, Inc. et al.* | | |

exercising supplemental jurisdiction is appropriate where federal and state law claims "derive from a common nucleus of operative fact such that a plaintiff would ordinarily be expected to try them in one judicial proceeding"); *see also Vasquez v. Packaging Corp. of AM.*, 2019 WL 453106, at *4 (exercising supplemental jurisdiction over non-preempted state law claims in a wage and hour case involving Section 301 of the LMRA); *Loaiza v. Kinkisharyo Int'l, LLC*, No. 19-cv-07662-JAK, 2020 WL 5913282, at *5 (C.D. Cal. Oct. 6, 2020) (same); *Huerta v. Doubletree Emp. LLC*, No. 23-cv-02433-CJC, 2024 WL 890548, at *4 (C.D. Cal. Mar. 1, 2024) (same).

V.   **Conclusion**

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

:

Initials of Preparer   PMC